UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBORAH JONES,<br><br>Defendant. | Crim. Case No. 07-131-10 (JR)(AK) |

**DETENTION MEMORANDUM**

Defendant Deborah Jones has been charged by criminal complaint with unlawful possession with intent to distribute 50 grams or more of cocaine base, otherwise known as crack-cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The Government requested a detention hearing, which was held May 29, 2007. At the conclusion of the hearing, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the hearing, the U.S. Attorney informed the Court of the facts by proffer. According to the Government, the Metropolitan Police Department investigated the Defendant pursuant to her role in a conspiracy to distribute crack-cocaine in the 4200 and 4400 blocks of 4th Street in Southeast Washington, D.C. The Government's charges against the Defendant are based on two

incidents and a search of her home. The first incident occurred in January 2004 when D.C. Park Police discovered the Defendant and Willie Best, a co-conspirator in this case, in the area surrounding the Thomas Jefferson Memorial after the area was closed to the public. After following the Defendant and Best back to their car to retrieve identification, the police arrested them upon spotting an open alcohol container in the car. A search of the vehicle resulted in the discovery of a large quantity of crack-cocaine.

The second incident occurred when two cars, one driven by the Defendant and one driven by Willie Best, were searched while traveling through North Carolina. Four kilograms of cocaine were found in Mr. Best's vehicle. (The State of North Carolina dismissed the charges against the Defendant.) A subsequent search of the Defendant's house yielded a green leafy substance and a digital scale containing white residue. The white residue was identified by the FBI as crack-cocaine. According to the Government, this home is shared by the Defendant with Willie Best.

The Government requested that the Defendant be held without bond because her continuous involvement in this case with the Drug Organization in transporting drugs and money makes her a danger to the community.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v.*

*Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, the grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with unlawful possession with intent to distribute fifty grams or more of cocaine. This charge is a violation of the Controlled Substances Act and carries a maximum sentence of ten years or more. The Defendant's possession of such a large amount of crack-cocaine lends further weight to the seriousness of the offense.

The second factor, the weight of the evidence, also favors detention. The Government has substantial evidence linking the Defendant to the large quantity of cocaine discovered. The

bag holding the cocaine was found in the car in which she had traveled to the Thomas Jefferson Memorial and where she had stored her identification materials. A search of the her home further linked her to the illegal drug trade when it yielded a scale with identifiable crack-cocaine residue.

The third factor, the history and characteristics of the Defendant, favors detention. Although the Defendant has no prior convictions, she has been arrested several times in the presence of large quantities of drugs and has continued to associate with the co-conspirators in this case. The facts in total leave the Court with little confidence that she will comply with conditions of release imposed upon her in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the instant charges do not involve violent activity, crack-cocaine is a dangerous and illegal substance that causes violence in the Washington, D.C. area.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the Government's motion for pretrial detention is granted.

Dated: June __5__, 2007                         _____/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE