UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.   Cr. No. 07—131(JR)

DEBORAH JONES

**DEFENDANT  DEBORAH JONES' OPPOSITION
TO THE GOVERNMENT'S  MOTION TO EXCLUDE
180 DAYS FROM THE COMPUTATION OF TIME
PURSUANT TO THE   SPEEDY TRIAL ACT**

Defendant Deborah Jones, through counsel Heather Shaner, respectfully opposes the  Government's Motion to suspend the Computation of Time Pursuant to the Speedy Trial Act.  As grounds for this opposition the defendant states:

1.  Ms. Jones was arraigned on May 23, 2007.  She is a peripheral defendant in a 75 count, multi-defendant indictment.  The evidence against her is very limited.  According to the evidence presented by the government to date, she was present when concealed contraband was discovered in an automobile linked to her ex-boyfriend in January 2004 and in October 2004 was pulled over in North Carolina when a second vehicle  was pulled over and contraband  found in a hidden compartment therein. Neither charge was prosecuted against her.  Each incident is charged as an overt act of Count One and the January 2004 stop as Count 11 of the indictment.  She is not charged with any other conduct.

2.  Ms. Jones was arraigned on June 19, 2007 and respectfully requests her right to a speedy trial.  This case is "complex" only as to the main targeted defendants.  It is unjust that the trial of Ms. Jones, a peripheral defendant, be subject to lengthy delays because of the government's decision to link her to the trail of a major target.  A 180 day

exclusion once all the defendants are in custody, is not justified as to Ms. Jones under a "ends of justice" exclusion.

3.  Should the government choose to file a superceding indictment that would change the time frame.  However, at this time, there is limited discovery as to the defendant and limited preparation time is now necessary for trial.

4.  This defendant should not be subject to interminable delays because of the government's focus on the more central defendants.

5.  The defendant asserts her rights to a Speedy Trial pursuant to 18 U.S.C. §§ 3161 et seq.  See also   Zedner v. United States, 126 S.Ct. 1976 (2006) for a discussion of the "ends of justice" exclusion.

6.  According to the information provided to counsel by the government the evidence against the defendant is very limited and is discreet from the hours of telephone interceptions and activations upon which the government basis it's justification for a delay.   She is not involved in any sales or any buys.

Wherefore, Ms. Jones, respectfully requests the Court deny the   180 day delay requested by the Government under the Speedy Trial Act computation.  There is no reason to permit the government such a lengthy exclusion.  In the alternative the defendant moves for a severance so that her case may proceed to trial.

Respectfully submitted,

_____/s/_____
 Heather Shaner  #273276
Appointed by the Court
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.   Cr. No. 07-131-10

DEBORAH JONES

**ORDER**

The Court having considered the Government's Motion to Suspend the Computation of Time Pursuant to the Speedy Trial Act and the Defendant's Opposition thereto finds there is insufficient justification to suspend 180 days from the Computation of Time once all defendants are before the Court and therefore the Government's Motion is denied this _____ day of July.

_____
Judge James Robertson
U.S. District Court