### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 07-131-01(JR)** |
| | ) | |
| | ) | |
| **Willie Best** | ) | |

### DEFENDANT WILLIE BEST'S MOTION TO JOIN
### JAMES BECTON'S MOTION TO COMPEL DISCLOSURE OF
### "10 DAY" PROGRESS REPORTS
### AND  POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Willie Best, by and through undersigned counsel, pursuant to Rule 16 of the

Federal Rules of Criminal Procedure and 18 U.S.C. 2510 et seq., respectfully moves to join and

or adopt  James Becton's motion to compel the government to provide copies of the  "10 day"

progress reports from all wiretap interceptions in this case.  As grounds for this motion defendant

states as follows:

1. On or about October 17, 2007, the grand jury returned a superseding indictment

charging the defendants in this case with Conspiracy to Distribute and Possess With Intent to

Distribute Cocaine Base in violation of 21 U.S.C. 846 and 841, Using and Carrying a Firearm

during a drug trafficking offense in violation of 18 USC 924 ( c ) (1) and other related charges.

2.  The charges against Willie Best and the other defendants stem, in substantial part,

from information gathered during electronic surveillance of communications over a number of

cellular and land line telephones.  The government, as part of discovery, has disclosed copies of

the "overhear" sheets[1] and the recorded conversations from the intercepted communications in a

---

[1]  Defendant has yet to review all of the  large number of interceptions and the
government has yet to provide an index of these interceptions. However, word search of the
CD's containing the interceptions and the overhear sheets indicates that there are at least 12,666

digital format on CDs. The government intends to use the evidence from the wiretaps as evidence in the trial(s) of the defendants in this case.

3. In or about September 27, 2005, the government made an ex parte application in the United States District Court for the District of Columbia for an order authorizing the interception of wire, oral, or electronic communications to and from cellular telephone number 240-533-5710. Targets of the application were identified as Fredrick Mercer, Willie Best, Jr., James Lamont Becton, Carolyn Romaine Becton Moody, Christian Donaldson, Martin Lewis, AKA Albert Blandshaw, Tracey Patten Best, Deborah Jones, Renee Stephens, Miah Jackson, Keith Sampler, James Ronnell Davis, Juana Iesha Best, Christopher Lee Becton, Antonio Faison, Russell Ramseur and Benita Worthy . On or about September 27, 2005, the court granted the ex parte application and entered an order authorizing the interceptions not to exceed 30 days. Thereafter, the court granted several government applications to extend the wiretap authorization for 30 days. Consistent with 18 U.S.C. 2518(6), those orders required the government to submit "10 day" reports to the judge who issued the order showing both the progress made and the need for continued interception. See Order, Misc.05-MS-365(CKK). Several other related ex parte applications were granted authorizing the interception of wire communications to and from other subscribers of cell phones directed at the same targets through May 27, 2006, including a cell phone believed to be used by Willie Best (202-486-1438) See 1/27/06 and 2/27/06 Orders Misc. 06-MS-027( CKK).

4. Title 18 Section 2518 (10)(a) authorizes aggrieved persons to move to suppress both the contents of the intercepted communications and the evidence derived therefrom, which

---

calls on cell phone 202-486-1438 , the phone alleged to be used by Willie Best, not to mention the number of calls where the defendant Best's name is mentioned on other telephone numbers

provides in pertinent part:

>"Any aggrieved person in a trial, hearing, or proceeding before any court, department, officer, agency, regulatory body, or other subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that -
>
>(i)  the communication was unlawfully intercepted;
>(ii)  the order of authorization or approval under which it was intercepted is insufficient on its face; or
>(iii) the interception was not made in conformity with the order of authorization or approval.

5.  "[A]n 'aggrieved person' includes a party or participant to the intercepted wire communications, as well as the person on whose premises the intercepted conversation occurred . . . " _United States v. Wright_, 121 F. Supp 2d 1344, 1348 (D.C. Kan. 2000) (citations omitted).

6.  The government has indicated that Willie Best was a participant in numerous conversations intercepted during the court authorized wiretaps.  Thus he is clearly an "aggrieved person" under 18 U.S.C. 2518 (10)(a), and has standing to challenge the evidence from the wiretap.  See, _Alderman v. United States_, 394 U.S. 165, 174 (1969).

7.  Mr. Best as well as Mr. James Becton  and the other defendants intend to file motions to suppress the contents of the wire interceptions, as well as the fruits of the evidence derived from the wire, based on any violations of Title III of he Omnibus Crime Control and Safe Streets Act of 1968.  The motion to suppress will address, _inter alia_, the government's compliance with the strict minimization requirements of the statute and the court order.

8.  Title III requires that the government minimize the interception of communications unrelated to the illegal activity addressed by the application for an order authorizing the interceptions.  Therefore the order specifies that: "[m]onitoring of conversations must

---

and calls intercepted.  .

immediately terminate when it is determined that the conversation is unrelated to communication

subject to interception . . . ."; and similarly, the interception of communications "must be

suspended  immediately when it is determined . . . that none of the named interceptions or any of

their confederates . . . are participating in the conversation . . . ." .

9.  In addition, the courts order required the government to file "10 day" progress reports

showing what progress had been made toward achieving the authorized objectives of the wiretap

and the need for continued interceptions over the telephone(s). [  The "10 day" reports are

generally required by the court to ensure compliance with the strict statutory requirements of 18

U.S.C. 2510, et seq..   These progress reports usually summarize the minimization efforts by the

government, and provide information regarding the status of the investigation and need for

continued wiretap surveillance.  The defendants have not received the "10 day" progress reports

with the discovery in this case. [2]

10.  Defendant Moore contends that disclosure of the progress reports is more important

in this case because of the extraordinary number of calls intercepted during the wiretaps in this

case.  The progress reports are an essential time and cost saving tool for evaluating both the

minimization efforts and the need for the court ordered wiretap extensions.  Unlike the cases in

which there are a few hundred calls to review, the task of reviewing the thousands of calls and

overhear sheets in this case will be extremely burdensome and time-consuming.  The "10 day"

progress reports will save the defendants a great deal of time in assessing the government's

compliance with the Title III requirements, and in preparing any motions to suppress based on

---

[2]  The government indicated that these progress reports would not be provided to the
defense without a motion requesting them.  Thus defendant is hereby filing this motion
requesting that government be compelled to provide all "10 day" progress reports associated
with all wiretaps the government intends to use as evidence in this case.

alleged violations.   Defendant further submits that the disclosure of the reports now will not compromise the government's investigation or prosecution of this case.   Thus defendant urges the court to find that the need for disclosure of the progress reports in a case with so many intercepted communications far outweighs the government's interest in not disclosing them.

11.   Defendant recognizes that district courts in other jurisdictions have rejected requests for progress reports in the past.   See, e.g., _United States v. Orozco_, 108 F.R.D. 313 (S.D. Cal. 1985);_United States v. Birdman_, 1992 WL 203318 (E.D. Pa); _United States v. Wright_ , 121 F. Supp.2d 1344 (D. Kan. 2000).   However, the number of interceptions in this case appears to be far greater than in those cases, and therefore the need for disclosure of the reports in this case is a distinguishing factor. Clearly the matter is one for exercise of the trial court's discretion. In _United States v Wright_, supra., the court recognized that the Supreme Court in _Alderman v United States_, supra  vested the trial court with broad discretion to decide what surveillance records are needed by the defendant  in making his arguments and when they must be produced.:

> [w]hen the issue is whether an illegal wiretap has tainted the government's investigation or case, it is " left to the informed discretion , good sense, and fairness of the trial judge" to decide what surveillance records are needed by the defendant in making his arguments.

121 F.Supp.2d at 1350. Citing _Alderman v United States_, 394 U.S. at 185, 89 S.Ct. at 96. Moreover, in addition to the need being greater in this case, Defendant submits that the rational for denying the progress reports in cases such as _Orozco_ and _Wright_ is erroneous.  The courts in those cases concluded that progress reports were not relevant because validity of the wire tap applications must " be based on the knowledge of the government agents s of the date the application was sought" _United States v Orozco_, 108 F.R.D. at 316. However, defendant submits that the progress reports are also relevant to the early termination requirements applicable under

2518(3)(e). Each case must be evaluated by the court based on the particular facts presented to the court and as stated above the particular facts of this case weigh heavily towards a the heightened need of the defendants .

     12. In *United States v Willis*, 578 F. Supp. 361 ( N.D. Ohio 1984) the district court ordered an in camera review of the progress reports, recognizing the importance of such reports in the supervising judge exercising it authority to determine whether there is good cause to continue using the electronic surveillance. Indeed, the court noted the language from the Supreme Court in *Untied States v Kahn*, 415 U.S. 143, 94 S.Ct. 977 ( 1973) :

> [N]either the statute nor the wiretap order in this case would allow the federal agents ... total unfettered discretion [to use the wiretap authorization as a general warrant] .... and the order limited the length of any possible interception to 15 days, *while requiring status reports as to the progress of the wiretap to be submitted to the District Judge every five days, so that any possible abuses might be quickly discovered and halted.* (Emphasis added.)

> The Court is reminded that the interim reports that are the object of petitioner's motion may contain explicit accounts of, or indirect allusions to, irregularities in the application for, authorization or implementation of the electronic surveillances conducted by government investigators in connection with the instant case.

578 F.Supp. at 365. While, defendant concedes that such an in camera review is an option at this Court's discretion, it urges the court to follow the rational of the Supreme Court in *Alderman v United States*, supra. which held that conversations in wiretap cases in which the defendant had standing to object must be turned over to the defendant without first being submitted to the trial judge for an in camera review. In *Alderman* the Supreme Court noted the importance of the adversary system as a means of evaluating the relevance of wiretap records stating:

> Their superiority as a means for attaining justice in a given case is nowhere more evident that in those cases, such as the ones at bar, where an issue must be decided based on a large volume of factual materials and subtle interrelationships which may exist among the facts reflected by these records.

6

394 U.S. at 183-184. The Supreme Court also noted that the requirement of disclosure would "avoid exorbitant expenditure of judicial time and energy and will not unduly prejudice others or the public interest" . Id.  It is submitted that these same principles apply equally to the instant case.

13.  In effect, Section 2518 establishes as a first line of defense the ability to challenge the use of both the intercepted communications and the evidence derived from the interception of those conversations.  Rule 16(C) requires that the government make available to the defendants upon request all documents in its possession, custody, and control which are "material to the preparation of the defense . . . ."  Since the 10 day reports  are essential to a review of the government's compliance with the strict requirements of 18 U.S.C. 2510 et seq., and are material to the preparation of the defendants' defense regarding the evidence derived from the wiretaps, they should be made available to the defendants at this time.

14.  Title 18 Section 2518 establishes strict rules and procedures that carefully balance the Fourth Amendment privacy rights of individuals against the government's need to investigate certain criminal activities.  Defendant is entitled by law and statute to challenge the use of the wiretap evidence in the case.  However, defendant contends that he can not fairly and adequately address the minimization and compliance issues relating to the wiretaps without having the benefit of the progress reports.

15.  Defendant further adopts and incorporates by reference any and all arguments advanced by the co-defendants in this case.

WHEREFORE, for the foregoing reasons, defendant respectfully requests that this Court compel the disclosure of the "10 day" progress reports from all wiretap interceptions in this case.

Respectfully submitted,


_____//_____
Richard Seligman (Bar # 296426)
Counsel for Willie Best
The Lincoln Building
514 10th Street N.W. 9th Floor
Washington, D.C.  20004
(202) 745-7800



CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has served by electronic filing on all

interested parties this 10th day of April, 2008.


_____//_____
 Richard Seligman




8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 07 -131 - 02  (JR)** |
| | ) | |
| **WILLIE BEST** | ) | |
| | ) | **ORDER** |

      This Court has considered the Defendants' Motion to Compel Disclosure of "10 Day"

Progress Reports, any opposition thereto, and the entire record in this case, and it appears to the

satisfaction of the Court that such relief should be granted.

      Accordingly, it is, this _____ of _____ , 2008,

      ORDERED, that the government shall disclose to the defendants the "10 day" progress

reports from all wiretap interceptions in this case.

      SO ORDERED.


_____
JAMES ROBERTSON
UNITED STATES DISTRICT COURT

Cc:
All  counsel of record