UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                    Cr. No. 07—131(JR)

DEBORAH JONES

**DEFENDANT DEBORAH JONES' MOTION FOR
SEVERANCE PURSUANT TO FRCP 14 AND THE SIXTH
AMENDMENT OF THE UNITED STATES CONSTITUTION**

Defendant Deborah Jones, through counsel Heather Shaner, respectfully moves this Court to sever her trial from the trial of her co defendants. In support of this motion Ms. Jones states as follows:

1. Ms. Jones was arraigned on the initial indictment on May 23, 2007, as a peripheral defendant in a 75 count, multi-defendant indictment. According to the charges presented by the government, she was present when cocaine was discovered in an automobile linked to Willie Best, in January 2004 and present near another car linked to Willie Best on October 2004.

2. Ms. Jones was arraigned in a Superseding sixty seven count Indictment on October 19, 2007. The indictment charges a conspiracy with one hundred thirty eight overt acts. In Count One, Overt Act 25, it is alleged that Ms. Jones was present when Willie Best was in possession of cocaine base in January 2004. This conduct is re alleged as Count Eleven of the Indictment. Upon information and belief Mr. Best has spoken to law enforcement about Overt Act 25 and Count Eleven. Upon information and belief his statements to law enforcement are exculpatory as to Ms. Jones.

3.      It is further alleged in Count One, Overt Act 28, that Ms. Jones was present with Willie Best in North Carolina in October 2004, when the government alleges Best was in constructive possession of four kilos of cocaine. [Cocaine was allegedly discovered in a vehicle in North Carolina in front of Jones' vehicle, during a highway stop by North Carolina Police]  Upon information and belief Mr. Best has spoken to law enforcement about Overt Act 28.  Upon information and belief his statements to law enforcement as to Overt Act 28 are exculpatory as to Ms. Jones.

4.      It is further alleged in Count One, Overt Act 133, that Ms. Jones delivered imitation cocaine to an informant for Mr. Best in January 2007.  Upon information and belief his statements to law enforcement and to others as to Overt Act 133 is exculpatory as to Ms. Jones.

5.      Ms. Jones is manifestly prejudiced by her inability to compel Mr. Best to testify at a joint trial on her behalf. She is denied her right to the co defendant's exculpatory testimony, which violates the Sixth Amendment and the Fifth Amendment guarantees of due process and fairness. A separate trial, with Mr. Best's testimony, would give her a better chance for acquittal. Upon information and belief his testimony exonerates her as to any knowledge of the presence of contraband and supports the defense of innocent presence and actual innocence. The denial of the Sixth Amendment right to compel this exculpatory testimony creates grave prejudice to Ms. Jones. In order not to compromise Ms. Best's Fifth Amendment rights, Ms. Jones' trial would have to follow Mr. Best's trial.

6.      In **U.S. v. Echeles,** 352 F.2d 892 (7th C. 1965) the court held that a single joint trial of several defendants may not be held at the expense of one defendant's right to a fundamentally fair trial.  In a case in which a joint trial prevents a defendant from calling to the witness stand a co-defendant who would otherwise provide testimony exculpatory as to the first defendant, because the co-defendant will seek to exercise the privilege against self-incrimination, the court should grant a severance to allow the co-defendant's

exculpatory testimony to be adduced at a severed trial **Id.** At 897; *see also* **U.S. v. Gay,** 567 F.2d 916 (9th Cir. 1978); **U.S. v. Hernandez-Berceda,** 572 F.2d 680 (9th Cir. 1978). **U.S. v. Mariscal,** 939 F. 2d 884, 886 (9th Cir. 19910; **U.S. v. Vigil,** 561 F.2d 1316 (9th Cir. 1977); **U.S. v. Leichtman,** 742 F.2d 598. 605 (11th Cir. 1984).

7.  Ms. Jones would call Mr. Best in a separate trial. Upon information and belief, he would testify. The testimony would be substantially exculpatory. **U.S. v. Mariscal,** 939 F. 2d 884, 886 (9th Cir. 1991); **U.S. v. Vigil,** 561 F.2d 1316 (9th Cir. 1977); **U.S. v. Leichtman,** 742 F.2d 598. 605 (11th Cir. 1984).

8.  Further, the jury may find the defendant guilty by association. It is difficult for a jury to follow instructions and compartmentalize separate evidence that is relevant only to co defendants in a conspiracy trial. "A co defendant in a conspiracy trial occupies an uneasy seat. There generally will be wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. " **Krulewitch v. United States,** 336 U.S. 440, 454 (1949).

9.  In the present case--U.S.v.Becton-- the vast majority of the evidence is about James Becton, Willie Best, and other co defendants. The enormous amount of discovery relates to the other defendants. The spillover effect of this kind of case on Deborah Jones would make it impossible for her to have a fair trial. Severance may be required as the evidence against the codefendants is "far more damaging" than the evidence against Ms. Jones, raising the specter of guilt by association. **U.S. v. Mardian,** 546 F.2d 973, 979-81 (D.C. Cir. 1976).

10. In **Mardian,** the court held that Mardian's case should have been severed when it became clear the weight of the evidence against the co defendants was disproportionate. Based on the Indictment and the discovery provided to date, it is abundantly clear that the weight of the evidence against the co defendants is disproportionate.

11.     The D.C. Circuit in <u>U.S. v. Sampol,</u> 636 F. 2d 621 (D.C. Cir. 1980) (per curiam) reversed the defendant's conviction for prejudicial joinder.  The Court identified several factors that together created impermissible prejudice from the joint trial: (1) confusion of the charges and the evidence which left the impression that Sampol was a co conspirator in the murders; (2) great disparity in the evidence; (3) Sampol's inability to present exculpatory testimony.  **Id**.  at 642-51.  The Court found it unreasonable to expect the jury to successfully compartmentalize the evidence.   It also noted that separate proceedings against the less culpable defendant would have required only a short trial with a smaller number of witnesses.  **Id.**  at 647.

12.     As a practical matter, almost *all* of the evidence in the trial of this conspiracy is unrelated to Ms. Jones.  Requiring her to be present throughout a lengthy co-defendant trial where the discreet evidence against her would be completed in a trial of a day or two is unfair and grossly prejudicial.—Moreover, the threat of a long trial  forces her to consider waiving her right to require the government to prove she is guilty as charged.  A long trial-- with her required daily attendance-- will cause her to lose her job and consequently lose her apartment and her automobile.  Judicial convenience  is no reason to require her to be part of a large conspiracy trial.  The law of the circuit requires severance--where the evidence as to the defendant is de minimis and i disparate,  A short trial following the co defendants' lengthy conspiracy trial would be  fair, and would address  prejudicial joinder and her  Fifth Amendment due process and fairness concerns.

**WHEREFORE,**  Ms. Jones respectfully requests you grant this Motion.

                                                        Respectfully submitted

                                                        _____/s/_____
                                                        Heather Shaner  #273276
                                                        Appointed by the Court
                                                        for Deborah Jones
                                                        1702 S Street N.W.
                                                        Washington, D.C. 20009
                                                        Tel. 202 265 8210

Case 1:07-cr-00131-JR    Document 183    Filed 06/04/2008    Page 5 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.    Cr. No. 07-131-10

DEBORAH JONES

**ORDER**

The Court having considered the Defendant's Motion to Sever and the Government's response thereto hereby grants the defendant's Motion to Sever and sets the matter for Trial following the completion of Trial of the Co defendants.

So Ordered this _____ 2008.

_____
Judge James Robertson
U.S. District Court